UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DYCK-O'NEAL, INC., | CASE NO. 1:23-cv-691 |
| Plaintiff, | |
| v. | JUDGE BRIDGET M. BRENNAN |
| DANIEL M. SMITH, *et al.*, | **ORDER OF REMAND** |
| Defendants. | |

Defendant Daniel M. Smith removed this foreclosure action from the Cuyahoga County Court of Common Pleas on April 3, 2023. Plaintiff filed a Motion for Remand (Doc. No. 4). Because Daniel Smith has not established a basis for federal court jurisdiction that supports removal, this action is remanded to the Cuyahoga County Court of Common Pleas.

A Defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Notice of Removal of a civil action or proceeding must be filed within thirty days after the receipt by the Defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446 (b). Moreover, when the action is removed under § 1441(a), all of the Defendants who have been properly served must join in the removal or consent to it. 28 U.S.C. § 1446(b)(2)(A). Finally, where diversity of citizenship is the basis for removal, the case cannot be removed from state court if any of the Defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

This action is not removable. As an initial matter, Smith has not established that this federal court has original jurisdiction over this case. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must be a citizen of one state and all of the Defendants must be citizens of states other than the state or states of which the Plaintiff is a citizen. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The citizenship of a corporation is every state by which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a well-pleaded Complaint establishes either that federal law creates the cause of action. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Defendant Daniel Smith seeks removal using federal question jurisdiction. He claims he is asserting affirmative defenses that invoke the United States Constitution. Federal question jurisdiction, however, is established in the Complaint. It cannot be established in an affirmative defense or counterclaim. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). The foreclosure Complaint relies solely on state law claims. It does not contain a federal cause of action. This action cannot be removed on the basis of federal question jurisdiction.

Moreover, Smith has not established the existence of diversity of citizenship jurisdiction. The Plaintiff and two of the Defendants (Midland Funding, LLC and Portfolio Recovery Associates, LLC) are corporations. As stated above, corporations are citizens of all of the states in which they are incorporated and the states in which they maintain their principal places of business. Listing the address of the statutory agent for service does not establish the citizenship of these Defendants. As the party seeking to bring this action to federal court, Daniel Smith has the burden of pleading sufficient facts to establish federal jurisdiction. He has not provided information regarding the states of incorporation or principal places of business for these Defendants to establish complete diversity of citizenship.

Furthermore, even if the citizenship of the parties is diverse, the case cannot be removed from state court based on diversity of citizenship if any of the Defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). Defendants Daniel Smith, Dinah Smith, the State of Ohio Department of Taxation, and the Cuyahoga County Treasurer are all citizens of Ohio. This case cannot be removed based solely on diversity of citizenship.

Because this case cannot be removed on the basis of a federal question or diversity of citizenship, it must be returned to state court.

Accordingly, this action is remanded to the Cuyahoga County Court of Common Pleas.

**IT IS SO ORDERED.**

**Date:** July 21, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE